IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JUSTIN B. ANDERSON,

        Petitioner,

v.                                               Case No. 2:19-cv-00194

JOE COAKLEY, Warden,
Hazelton USP,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.    Relevant History**

On March 18, 2019, Petitioner Justin B. Anderson ("Anderson") filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 and an Application to Proceed Without Prepayment of Fees and Costs.(ECF Nos. 1, 2). The case was docketed, assigned to the

Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned United States Magistrate Judge for findings of fact and recommendations for disposition. (ECF No. 3). On March 28, 2019, the undersigned entered an Order denying the Application to proceed *in forma pauperis* and directing Petitioner to pay the requisite $5.00 filing fee by May 3, 2019. (ECF No. 4). Petitioner was advised that a failure to comply with the Order might result in a recommendation of dismissal. (*Id.*). According to the docket sheet, Petitioner received the Order, but he did not pay the filing fee.

After more than two months had elapsed without any communication from Petitioner, the undersigned issued an Order to Show Cause on June 17, 2019. (ECF No. 5). Petitioner was given notice that a recommendation of dismissal for failure to prosecute and failure to comply with a court order would be issued in thirty day, unless Petitioner showed good cause for retaining the matter on the court's docket and paid the $5.00 filing fee. (*Id.*). The docket reflects that Petitioner received a copy of the Order to Show Cause. (*Id.*). Moreover, according to the Bureau of Prisons website, Petitioner remains incarcerated at Hazelton USP, the facility at which he was housed when he filed the petition for habeas relief. *See* www.bop.gov/inmateloc/. Consequently, there is no reason to believe that Anderson missed receipt of the orders due to a transfer.

Despite receiving two court orders instructing Anderson to pay the filing fee, he has failed to do so. Furthermore, Petitioner has made no effort to communicate with the Court to explain his failures to comply. Lastly, Petitioner has taken no action to prosecute his claim since filing the petition nearly five months ago.

## II.　Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Anderson received two orders alerting him to the requirement of a $5.00 filing fee, which he can clearly afford. Indeed, according to the Bureau of Prisons, Anderson receives average monthly deposits of $230.83. (ECF No. 1 at 2). Anderson was advised in these orders that his failure to pay the fee would likely result in dismissal of the action. Notwithstanding the orders, Anderson never bothered to pay the fee, dismiss the action, or communicate with the Court to explain his apparent lack of interest in the habeas petition he filed. Anderson was given more than ample time to comply with the orders, but inexplicably has failed to do so. These failures add up to a case history of Anderson proceeding in a deliberately dilatory fashion. Anderson's case has been pending on the court's docket for nearly five months, and he has been given more than four months to accomplish the Court's directive; yet, Anderson has failed to do so. Thus, Anderson is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants. Given that Anderson has wholly disregarded court orders, has made no effort to pursue his case since March 2019, and has failed to follow up with the Court in nearly five months, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given that Anderson's grounds for relief have never been reviewed on the merits, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.   Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitions be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766

F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: August 5, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge