# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON DIVISION**

JUSTIN B. ANDERSON,

                Petitioner,

v.                              CIVIL ACTION NO. 2:19-cv-00194

JOE COAKLEY,
     Warden,

                Respondent.

**ORDER**

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) By standing order entered on March 20, 2019, (ECF No. 3), this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Eifert filed her PF&R on August 5, 2019, recommending that this Court dismiss, without prejudice, Petitioner's petition for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 6.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, the Court need not conduct a *de*

*novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on August 22, 2019. (ECF No. 6.) To date, Petitioner has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Petitioner's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 6), in full and **DISMISSES WITHOUT PREJUDICE** Petitioner's *pro se* Petition for Writ of Habeas Corpus, (ECF No. 2). The Court further dismisses this matter and **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 29, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE